ELLIS, Judge:
This is a suit on a promissory note, in which Liberty Loan Corporation of Ber-wick, Inc. is attempting to recover from Bertha Kornbacker $274.90 plus interest and attorneys’ fees on a certain note allegedly executed by her on May 24, 1967. By way of defense, it is alleged that defendant’s signature on the note was obtained through fraud, misrepresentation, and that the defendant never borrowed any money or intentionally signed a promissory note with the plaintiff. Defendant reconvened for $2,500.00 for embarrassment, humiliation caused by plaintiff in attempting to collect on the said note.
After trial on the merits, judgment was rendered as prayed for in favor of plaintiff, and the defendant has appealed.
The record reveals that at some time prior to May 24, 1967, plaintiff was the holder of a note and chattel mortgage executed by one James Williams, the chattel mortgage covering a television set which was kept at defendant’s home. Plaintiff’s employee, Jack Deason, testified that because the loan was in arrears, he went to Mrs. Kornbacker’s house and told her that if no payments were made on the note they would have to foreclose on the television set. He suggested that Mrs. Kornbacker might prefer to execute a note for the amount due by Williams. According to his testimony, Mrs. Kornbacker agreed to this, and did in fact execute the note sued on herein. He testified that he in no way threatened, embarrassed, humiliated or deceived Mrs. Kornbacker during the negotiations.
Mrs. Kornbacker testified that she had never signed a note and knew nothing about this transaction whatsoever, although she did admit her signature on the note. She testified that she did sign an insurance application of some kind in 1965 shortly after Hurricane Betsy, which was to cover some furniture which she had bought right after the hurricane. She identified another employee of Liberty Loan who was in the courtroom as the one who obtained her signature on the insurance application. Other witnesses who testified on her behalf also identified the same employee as that man. That employee, a Mr. Moreau, testified that he did not come to work for plaintiff until January, 1968, about eight months after the execution of the note sued on here. The district judge found that the defendant has failed to prove her defense of fraud and misrepresentation by a preponderance of the evidence and rendered judgment for plaintiff.
The defendant assigns two errors in her brief, the first that the court erred in finding that the defense of fraud was not proven by a preponderance of the evidence, and second, that the court erred in finding that adequate consideration had been given for the note.
Fraud must be proven, as' any other fact in a case, by a preponderance of the evidence. Article 1848, Civil Code. All of the testimony by defendant as to the alleged misrepresentation refers to a time approximately a year and a half before the note was given and signed by her. In view of that fact, and the positive testimony of *406 the plaintiff’s witnesses, we find that the trial judge was correct in concluding that defendant failed to carry her burden of proof.
Under the provisions of R.S. 7:24 and 7:25, every promissory note is presumed to have been issued for a valid consideration, and a pre-existing debt is considered to be a valid consideration for a note. In addition, it has long been the law of this State that a note given for the payment of the debt of a third person is supported by a valid consideration and is binding on the maker thereof. Davis-Delcambre Motors, Inc. v. Simon, 246 La. 105, 163 So.2d 553 (1964). The defense of failure of consideration is without merit.
Since the defendant has not complained of the dismissal of her reconventional demand, we assume that it has been abandoned.
The judgment appealed from is therefore affirmed at defendant’s cost.
Affirmed.